**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1798
_____

UNITED STATES OF AMERICA,

v.

ERIC ALFORD,
also known as E. SMITH
also known as DUB also known as E.,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-08-cr-00374-1)
District Judge: Honorable Joy Flowers Conti

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 23, 2020
Before: MCKEE, SHWARTZ, and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 7, 2021)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Eric Alford appeals the District Court's order denying his motion for a sentence reduction pursuant to Section 404 of the First Step Act. We will affirm the District Court's judgment.

In 2011, based on offense conduct in 2008, Alford pleaded guilty to the following criminal charges of violations of 21 U.S.C. § 846: Count 1, conspiracy to possess with intent to distribute five kilograms or more of powder cocaine and 50 grams or more of "crack" cocaine; and Count 2, attempt to possess with intent to distribute five kilograms or more of powder cocaine. In his plea agreement, Alford stipulated that the weight of powder cocaine was between five and fifteen kilograms; there was no stipulation about the quantity of crack. Regarding sentencing, the plea agreement noted that, upon the Government's filing of an information under 21 U.S.C. § 851 concerning Alford's prior convictions, the applicable minimum term of imprisonment was 20 years. The Government later filed its § 851 information concerning Alford's prior felony drug conviction.

At sentencing, Alford was classified as a career offender under U.S.S.G. § 4B1.1. In light of Alford's prior conviction, he faced a statutory mandatory minimum sentence of 20 years for each count. His advisory Sentencing Guidelines range was calculated to be 262 to 327 months of incarceration; the District Court departed downward and imposed the statutory minimum of 240 months for each count, with the terms to be served concurrently. Alford did not appeal.

In 2019, Alford filed a motion for a sentence reduction under § 404[1] of the First Step Act of 2018, which, in conjunction with the Fair Sentencing Act of 2010, reduced the penalties for crack offenses by increasing the drug quantities required to trigger the statutory sentencing ranges. Alford argued that Count 1 qualifies as a § 404 "covered offense" for the modified penalties under the Fair Sentencing Act because Count 1 involves an amount of crack for which the statutory minimum penalty has been reduced. Alford argued that he was entitled to a full resentencing with respect to the 20-year mandatory minimum sentence that was imposed. The Government argued that Alford was not eligible for § 404 relief because his sentence was based on the powder cocaine quantity, and, even assuming Alford's § 404 eligibility, no discretionary relief was warranted. The District Court agreed and denied Alford's motion, holding that Count 1 was not a "covered offense" because the crack did not increase Alford's cocaine-based statutory and Guideline sentencing range calculations, and that Count 2 was not a "covered offense" because it involved only powder cocaine. The District Court further stated that, to the extent that Count 1 technically would qualify as a "covered offense," the court would not exercise its discretion to reduce Alford's sentence on Count 1, stating, "To reiterate, Alford was sentenced to the statutory mandatory minimum term of

---

[1] Alford initially cited § 401 of the Act, but he later clarified that his request concerned § 404, not § 401. The District Court's analysis is based on § 404. As Alford now confines his arguments to relief under § 404, we will not further discuss § 401.

3

imprisonment he faced based solely on either of his powder cocaine convictions."

(District Court Mem. Op. at 3.)

Alford appeals. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's statutory interpretation regarding § 404 eligibility; if eligibility exists, we review a district court's denial of relief for an abuse of discretion. See United States v. Jackson, 964 F.3d 197, 201 (3d Cir. 2020).

The Fair Sentencing Act of 2010 reduced the mandatory minimum penalty for crack offenses like Alford's (involving 50 grams of crack, with a qualifying prior conviction) from 20 years to 10 years; the triggering amount for the 20-year minimum, with a prior conviction, increased from 50 grams of crack to 280 grams of crack. See 21 U.S.C. §§ 841(b)(1)(A)(iii) and (B)(iii) (2010). It was not retroactive but applied to defendants sentenced after August 3, 2010. See Dorsey v. United States, 567 U.S. 260, 282 (2012). It did not, however, change the sentencing provisions for offenses involving powder cocaine. In 2018, the First Step Act made certain provisions of the Fair Sentencing Act retroactive, including its reduction of sentences for crack offenses, for "covered offenses" committed before August 3, 2010. See First Step Act of 2018, § 404, Pub. L. No. 115-391, 132 Stat. 5194, 5222; see also Jackson, 964 F.3d at 200.

Alford argues that the statute of conviction determines § 404 eligibility for a "covered offense," and because Count 1 of his conviction includes a § 841(b) crack offense with a reduced penalty, he is eligible. We recently recognized this point in

4

Jackson.  See Jackson, 964 F.3d at 202 (holding that § 404 eligibility turns on a defendant's statute of conviction, rather than conduct).  However, the convictions in Jackson involved only crack, unlike the dual-object conspiracy conviction at issue here.  In any event, we recognized that eligibility for relief does not confer an *entitlement* to relief.  See id. at 201 ("A district court may reduce a sentence but is not required to do so.") (citations omitted).  Assuming that Alford was technically eligible under § 404, the District Court declined to reduce Alford's sentence because he was sentenced to the applicable statutory mandatory minimum for either of his powder cocaine convictions.  That is, the District Court has determined that Alford's sentence would remain the same if it were to reach the discretionary question whether, and how large, a reduction should issue for the crack offense.  Alford does not argue with the District Court's finding that Count 2 is not a § 404 "covered offense" because it involved only powder cocaine; that sentence remains at 240 months.[2]  We will not disturb the District Court's denial of Alford's motion for a reduction of sentence.

Accordingly, we will affirm the District Court's judgment.

---

[2] To the extent that Alford suggests in his reply brief that the District Court could have reduced his sentence because the statutory minimum penalty for his powder cocaine conviction was 10 years, he is mistaken.  As stated above, and as he acknowledged during his guilty plea and sentencing proceedings, the statutory minimum penalty for his conviction involving at least five kilograms or more of powder cocaine, with the § 851 information of his prior conviction, was 20 years.  See 21 U.S.C. § 841(b)(1)(A)(ii) (2010).